Coddington v. Stone.

JOHN C. CODDINGTON, admr. &c., et al.,

*v.*

J. HENRY STONE et al., executors.

A testator gave to his daughter the income of all his estate for life, and the principal to her surviving children, and appointed her and her husband executors. He died in 1866, and the husband alone proved the will and filed an inventory. The estate consisted of a mortgage of $1,600; fourteen shares of insurance stock, appraised at $1,400, and $3,000 of United States bonds.

The executor sold the mortgage, and paid $800 to his wife and expended the other $800 in the support of his family. Owing to heavy losses by fire in 1871, the insurance company reduced the fourteen shares of stock to five. The United States bonds were converted by the executor, who died in 1880.—
*Held,*

(1) That his estate was liable for the $800 received by him from the mortgage, with interest from the date of its sale, and also liable for the amount of the United States bonds, with interest to the time they were called, at the rate they bore, and afterwards at the rate fixed by law in this state.

(2) That under the act of March 17th, 1881 (*P. L. of 1881 p. 130*), his estate was not liable for the loss of the nine shares of insurance stock, and that under the circumstances it was not liable for interest on interest on the moneys converted by him.

Bill for an account. On final hearing on pleadings and proofs.

*Mr. E. S. Savage,* for complainants.

*Mr. J. Henry Stone,* for defendants.

THE CHANCELLOR.

John B. Whitman died in January, 1866, leaving a will by which he gave to his daughter, Sophia H. Spear, then wife of Henry Spear, all his property after payment of his debts, to hold it in trust; she to have the income, interest, dividends and profits thereof for her own use for her life; the principal, at her death, to be divided among such of her children as might be then alive. He appointed her husband and herself executors, but the former alone proved the will. He filed an inventory, by which it appears that the estate consisted of a real estate mortgage of $1,600, fourteen shares of the stock of the Home Insurance Company, valued, at the time of making the inventory, at $1,400, and United States bonds, valued at $3,000. Nothing further appears of record in regard to his dealing with the estate. He died on March 10th, 1880, leaving a will. The bill is filed by the administrator *cum testamento annexo de bonis non* of John B. Whitman, deceased, and Mrs. Spear, against Messrs. Stone and Brown, executors of Mr. Spear, and Mrs. Spear's children. It

prays an account and payment of the money due to her as residuary legatee under her father's will. Whether Mr. Whitman left any debts or not does not appear, nor does it appear what Mr. Spear paid for the funeral expenses. The questions submitted on the hearing were based on the assumption that the executors of Mr. Spear are bound to account for the whole of the estate inventoried. It appears that Mrs. Spear received all the interest upon the mortgage up to the time when it was assigned away. She received $800 of the principal. The rest of it, $800, was received and expended by Mr. Spear. She says it was expended in the support of the family. It was his duty to provide such support, and the money, therefore, is chargeable to his estate, with lawful interest from the time when he received it. The insurance stock was an investment made by the testator himself. After it was inventoried there was a loss of nine shares through the reduction of its stock by the company by reason of losses incurred by the Chicago fire. The remaining five shares were subsequently sold and the proceeds paid over to Mrs. Spear. Mr. Spear's estate is not chargeable with the loss of the nine shares. It does not appear and is not alleged that he did not act in good faith and with reasonable discretion in holding the stock. The will of Mr. Whitman appears to contemplate the continuing by his executors of the investments left by him. The act of March 17th, 1881 (P. L. of 1881 p. 130), declares that where a testator shall have made in his lifetime any investment of money on bond secured by mortgage, or in the bonds or stock shares of any corporation, and the same bonds, mortgages or stock shares shall come or shall have come into the hands of the executor or trustee of such testator to be administered, and such executor or trustee may, in the exercise of good faith and a reasonable discretion, have continued such investment, or may thereafter continue the same, he shall not be accountable for any loss by reason of such continuance, provided that the act shall not apply to cases where the deed of trust or the will or the court having jurisdiction of the matter specially directs in what manner the trust fund shall be invested. Mr. Spear converted the government bonds to his own use. The date of the conversion was, it is

agreed by counsel, January 1st, 1873. His estate is bound to account for the principal and interest at the rate which the bonds bore up to the time when they were called, and after that at lawful interest of this state. His estate should not be required to pay interest on interest. His wife seems to have acquiesced in his conversion of the $800 and the bonds to his own use and in his nonpayment of interest to her, and while that would not relieve his estate from the payment of the interest to her now, it will protect it from the imposition of any penalty for her benefit. There will be a decree for an account accordingly.